**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-2354** |
| | ) | |
| **MAISON MARCEL LLC, a limited** | ) | |
| **liability company, and** | ) | |
| **VICTOR CUNDURI, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S *EX PARTE* MOTION FOR PROTECTIVE ORDER AND**
**TO PROCEED UNDER A PSEUDONYM**

Plaintiff, Jane Doe ("Plaintiff" or "Jane"), by and through her undersigned counsel, hereby moves for a protective order and to proceed under a pseudonym. Under Federal Rule of Civil Procedure 26(c), Plaintiff moves this Court to allow her to proceed under a pseudonym and to enter a Protective Order preventing the public disclosure of her identify by Defendants Maison Marcel ("Maison Marcel") and Victor Cunduri ("Cunduri") (collectively, "Defendants"), in order to protect her confidentiality, privacy, and safety.

**INTRODUCTION**

On March 5, 2025, Plaintiff filed her Complaint against Defendants seeking relief for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq ("Title VII"), as well as state court claims for violations of the Illinois Human Rights Act ("IHRA"), 755 ILCS 5/2 et seq., violations of the Illinois Gender Violence Act, and for assault and battery.

In her Complaint, Jane explains that she worked at the Maison Marcel restaurant under the supervision of Cunduri. Cunduri offered to give Jane a ride home from work after she completed one of her shifts. Instead of driving Plaintiff home, Cunduri pressured Jane to drink in his car and

1

proceeded to forcibly sexually assault her. When Jane got home, her sister took her to the police station to report the assault, and then to the hospital where Jane was treated by a Sexual Assault Nurse Examiner ("SANE") who administered a sexual assault evidence kit ("rape kit").

Jane also reported the assault to her employer, showed her employer the paperwork from the hospital, and said she wanted to continue working at the restaurant but would not be comfortable continuing to work with Cunduri. Maison Marcel informed Jane that Cunduri would not be fired and that she would have to work with Cunduri if she wanted to continue working at the restaurant. Jane could not go back to work with Cunduri because being forced to continue working for the man who raped her would have been intolerable and impossible for her. As a result, Jane was forced to quit her job.

Jane asks this Court to minimize her further trauma by preventing the public disclosure of her identity. Cunduri's assault on Jane was without doubt of a sensitive and highly personal nature, and Jane continues to suffer from serious emotional harm stemming from the assault. Through this case, Plaintiff seeks to obtain the civil relief from Defendants to which she is entitled. In enforcing her legal rights related to her sexual assault, Jane should not be subjected to the public's knowledge and judgment associated with the personal details of her assault, which would be connected to Jane's name if her name was to be revealed. Jane should not be placed at further risk of harm stemming from the instant proceeding.

## ARGUMENT

### I. The Court Has Discretion To Permit Jane To Proceed Under A Pseudonym To Protect Her From Injury

Although the public has a right of access to judicial proceedings, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff. . . exceeds the likely harm

from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). In particular, courts have consistently ruled that "compelling reasons of personal privacy, for instance, may justify a party's use of a pseudonym or restraints on the public's access to certain records." *See Doe v. Soc'y of the Missionaries of the Sacred Heart*, No. 11-cv-2518, Dkt. No. 141-1 at 1 (N.D. Ill. Jan. 3, 2014) ("the need for the pseudonym is adequately established by the case law excepting sexual assault victims from the public-record requirement"); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 n.9 (9th Cir. 2000) ("The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy"). Accordingly, and for the reasons set forth herein, the Court should exercise its discretion and permit Plaintiff to proceed under a pseudonym. *See Doe v. Amar*, No. 22-CV-2252, 2023 WL 4564404, at *3 (C.D. Ill. July 17, 2023) ("The decision whether to allow a party to proceed under an assumed name lies within the Court's discretion").

## II.    Plaintiff's Need For Anonymity Outweighs The Presumption Of Openness

The Court should permit Jane to proceed under a pseudonym because of the highly sensitive and personal nature of the assault against her. Jane's identity should be protected to prevent her from suffering a further invasion of privacy and reliving the trauma that she has already experienced any more than necessary.

### a.    The sensitive and personal nature of Jane's claims justifies allowing the case to proceed under a pseudonym.

Where litigation involves "matters of a sensitive and highly personal nature," the affected party may proceed under a pseudonym. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *see also Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved"). Accordingly, the Seventh Circuit "has identified categorical

3

exceptions to the rule requiring parties' real names. . . .Specifically, "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

Here, the subject matter of this litigation is of the utmost personal nature and justifies permitting Jane to remain anonymous. The case will reveal the private details of Jane's sexual assault. Jane should not have to subject herself to the stigma of having been involved in a horribly violating sexual encounter. Jane's sexual assault is the exact type of harm often afforded privacy by pseudonym. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y 2006) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity") (citing *Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872). *See also Doe v. Soriano-Cabrera*, No. 24-CV-221-PP, 2024 WL 3861329, at *1 (E.D. Wis. Aug. 19, 2024) (granting motion to proceed under pseudonym in case alleging violations of Title VII related to sexual assault based upon finding that "the sensitive and personal nature of the alleged harm outweighs the public interest in requiring the plaintiff to disclose her identity"); *Kane v. Loyola Univ. of Chicago*, No. 22 CV 6476, 2024 WL 4907100, at *4 (N.D. Ill. Sept. 3, 2024) (motion to proceed under pseudonym granted; "the sensitive and personal nature of the Jane Doe plaintiffs' [sexual assault] allegations weighs strongly in favor of pseudonymity").

**b. The public interest is served by allowing Jane to proceed under a pseudonym.**

While there is a public interest in having open judicial proceedings, the public also has an interest in seeing that certain lawsuits proceed anonymously that would not otherwise go forward. This lawsuit constitutes Plaintiff's attempt to personally vindicate her right as a victim of Cunduri's sexual assault and Maison Marcel's hostile work environment and constructive discharge.

Indeed, courts have recognized that the public has a strong interest in protecting the identities of victims of crimes of a sexual nature and that allowing victims to sue in civil court furthers that goal. *See Doe v. Cook Cty.*, 542 F. Supp. 3d 779, 788 (2021) ("the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights") (citations omitted). Denying Jane the opportunity to proceed in this case pseudonymously would have a chilling effect on the willingness of victims of sexual assault to come forward and enforce their rights without fear of additional trauma and privacy violations. Indeed, "[f]ailure to adequately protect a victim's fundamental right to privacy negatively impacts his or her fundamental right to access the courts." Meg Garvin, *Protecting Victim Privacy: The Tool of Anonymous Pleading in Civil Cases*, 9 Nat'l Crime Victim L. Inst. 8, 8 (2008). Thus, permitting Jane to proceed pseudonymously supports an important public policy.

## III. The Defendants Will Suffer No Prejudice By Allowing Jane To Proceed Pseudonymously

The Defendants will not be prejudiced if Jane is permitted to proceed pseudonymously. Jane's identity is already known to the Defendants. *See Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-CV-05683, 2021 WL 5578790, at *10 (N.D. Ill. Nov. 30, 2021) ("But as [defendant] knows the Plaintiffs' identities, it is not prejudiced by allowing this litigation to proceed in its current manner with Plaintiffs' names remaining undisclosed to the public").

No aspect of Jane's proposed relief would prevent the Defendants from seeking discovery or preparing or presenting their case. *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (holding that there was no prejudice to a defendant where the plaintiff's name was disclosed and the defendant's right to discovery was not limited). Shielding Jane's identity from the general public would present no obstacle to the Defendants' ability to mount a defense. *See Roe v. St. Louis Univ.*, No. 4:08-CV-1474, 2009 WL 910738, at *5 n.5. (E.D. Mo. Apr. 2, 2009) (allowing a plaintiff to

proceed anonymously where the defendant's ability to seek discovery and challenge the plaintiff's credibility was not impaired). Plaintiff seeks only to protect against *public disclosure* of her identity. The Defendants therefore cannot credibly claim to be prejudiced in any manner. *See Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F. 3d 678, 687 (11th Cir. 2001) (noting that plaintiff's offer to identify herself to the defendant "eviscerated" any prejudice argument); *Kane*, 2024 WL 4907100, at *2 (the burden of demonstrating prejudice falls on the opposing party); *Kolko*, 242 F.R.D. at 198 (requiring the defendant to point to specific ways in which discovery would be limited to demonstrate prejudice by the anonymous pleading of a plaintiff identified to the defendant).

## **CONCLUSION**

For the foregoing reasons, Plaintiff Jane Doe respectfully requests the Court grant her motion to proceed under a pseudonym and for entry of a protective order preventing the public disclosure of her identity by Defendants Maison Marcel and Victor Cunduri.

Dated: March 11, 2025

Respectfully submitted,

JANE DOE,

By: *Deborah Rzasnicki Hogan*
    One of Her Attorneys

Deborah Rzasnicki Hogan
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230 ext. 216
dhogan@caase.org

Emily R. Brown
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2706
ebrown@hsplegal.com