IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-2354 |
| | ) |
| MAISON MARCEL LLC, a limited | ) |
| liability company, and | ) |
| VICTOR CUNDURI, an individual, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR PERMISSION TO FILE PORTIONS
OF SUPPORTING VERIFICATIONS AND RECORDS UNDER SEAL**

Plaintiff, Jane Doe, by and through her undersigned attorneys, hereby moves for permission to file under seal portions of the verifications and records filed in support of Plaintiff's Motion for Entry of Rule 55(b)(2) Default Judgment. In support of her motion, Plaintiff states as follows:

1. On March 11, 2025, shortly after Plaintiff filed her Complaint in this action, Plaintiff filed an *ex parte* motion requesting permission to proceed under a pseudonym and for a protective order preventing the public disclosure of her identity by the defendants. (ECF 5). Plaintiff explained that the subject matter of this case involves the sexual assault of Plaintiff by the individual defendant in this case, who was her direct supervisor at the Maison Marcel restaurant. *Id*. Plaintiff requested that her identity be protected to prevent her from suffering a further invasion of privacy and reliving the trauma she has already experienced any more than necessary. *Id*.

2. On March 13, 2025, absent adversarial presentation, this Court granted Plaintiff's motion. (ECF 6) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F. 3d 869, 972 (7th Cir. 1997).

1

3. On July 18, 2025, this Court granted Plaintiff's motion for entry of default and directed Plaintiff to file a motion for default judgment in a sum certain supported by an affidavit and records to support the request for damages. (ECF 21). The Court further stated: "If needed, the Plaintiff may move to file parts of the affidavit and records to be under seal, given the nature of the now-established allegations." *Id*.

4. Plaintiff has prepared a memorandum of law in support her Motion for Entry of Rule 55(b)(2) Default Judgment, attached to which are verifications from Plaintiff and Plaintiff's sister. Also, attached to Plaintiff's verification as exhibits are Plaintiff's medical records from her hospital visit the night of the assault, and Plaintiff's paycheck from Maison Marcel (which contains Plaintiff's name and address).

5. Plaintiff has prepared redacted versions of the following documents to be submitted in support of her Motion for Entry of Rule 55(b)(2) Default Judgment:

(i) Verification of Plaintiff in Support of Rule 55(b)(2) Motion for Default Judgment ("Plaintiff's Verification"), in which Plaintiff has redacted her name in order to prevent public disclosure of her identity;

(ii) Verification of M.G. ("MG's Verification"), in which Plaintiff has redacted her own name and her sister's name in order to prevent public disclosure of information that would reveal Plaintiff's identity;[1]

(iii) Exhibit 1 to Plaintiff's Verification, which is a copy of Plaintiff's medical records from her hospital visit the night of the assault at issue in this litigation; and

(iv) Exhibit 3 to Plaintiff's Verification, which is a copy of Plaintiff's paycheck from Maison Marcel in which Plaintiff has redacted her name and address in order to prevent public disclosure of her identity.

---

[1] Plaintiff is using her sister's initials instead of her full name in this motion for the same reason.

2

6. In accordance with Local Rule 26.2, Plaintiff will file a public record version of her memorandum of law with redacted versions of the exhibits at issue (Plaintiff's medical records will be marked with an exhibit sheet as "Fully Redacted").

7. Plaintiff will also provisionally file under seal her memorandum of law with unredacted versions of the exhibits at issue showing the proposed redactions highlighted in a visible color in the text of the document so that the text is readable.

8. Given the subject matter of this litigation, and for all of the reasons previously stated in Plaintiff's previous motion to proceed under a pseudonym and for a protective order, there is good cause for allowing Plaintiff permission to file under seal her name and address and the name of her sister to prevent public disclosure of information that would reveal Plaintiff's identity.

9. In addition, Plaintiff's medical records from her hospital visit the night of the assault contain private health information. Given the confidential nature of medical records generally, as well as the details contained in Plaintiff's medical records regarding her sexual assault, there is good cause for allowing Plaintiff permission to submit her medical records under seal. *See, e.g., Moglia v. Pasquinelli*, No. 13-cv-05024, 2019 U.S. Dist. LEXIS 240498, *7 (N.D. Ill. Sept. 30, 2019) (well-established that filings that include protected health information may be sealed) (citing *Love v. Medical College of Wisconsin*, 371 F. Supp. 3d 489, 498 (E.D. Wis. 2016)).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting Plaintiff permission to file under seal those portions of the verifications and records filed in support

of Plaintiff's Motion for Entry of Rule 55(b)(2) Default Judgment that disclose her name and address, her sister's name, and her medical records from her hospital visit the night of the assault.

Dated: August 15, 2025

Respectfully submitted,

JANE DOE,

By: *Deborah Rzasnicki Hogan*
One of Her Attorneys

Deborah Rzasnicki Hogan
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
(773) 244-2230 ext. 216
dhogan@caase.org

Emily R. Brown
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2706
ebrown@hsplegal.com