**UNITED STATES DISTRICT COURT**
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
**Eastern Division**

Jane Doe
        Plaintiff,

v.          Case No.: 1:25−cv−02354
        Honorable Edmond E. Chang

Maison Marcel LLC, et al.
        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, October 2, 2025:

MINUTE entry before the Honorable Edmond E. Chang: On review of the Plaintiff's motion for default judgment [29], the motion is granted in large part, in the total amount of $622,201. (1.) On liability, the default of Defendant Maison Marcel LLC established the allegations in the complaint. That means that the constituent facts for employer liability have been established: former co−Defendant Cunduri was the Plaintiff's workplace supervisor and indeed hired her. R. 1, Compl. paras. 21−22. The unwanted advances started at the workplace, toward the end of a work shift. Id., para. 25. Cunduri offered the car ride home when at the workplace. Id., para. 26. With that premise established, the assault happened during the car ride. Id., paras. 27−30. Maison Marcel then took no steps to secure the workplace for the Plaintiff's return, but instead (with zero investigation) decided to take no steps against Cunduri whatsoever. Id., para. 39. It might be that the Defendant could have presented evidence or legal argument as a defense against liability, or raised an affirmative defense against vicarious liability, but the default has prevented those litigative steps. That is especially true as to the affirmative defense, for which the employer bears the burden. So liability is established as to the unwelcome advances and assault, as well as the constructive discharge. (2.A.) On damages, backpay is awarded in the amount of $16,084. The evidence supports the award given the reasonable efforts to mitigate. (2.B.) Front pay is awarded in the amount of $4,690.53, the present value of the gap in wages for another year. Although establishing the appropriate time period for front pay can be difficult, especially in a food−hospitality job, one additional year is more than reasonable given the attractiveness of the pay and schedule benefits of the prior job. (2.C.) On compensatory damages, the evidence establishes that the forcible sexual assault caused severe emotional distress in the past and will likely, by a preponderance, cause severe emotional distress as a lifelong effect. For the advances and sexual assault themselves, the requested $500,000 is reasonable. For Maison Marcel's constructive discharge and disregard for the Plaintiff, and zero−investigation siding with Cunduri, the request of $100,000 is likewise reasonable. Those amounts are awarded under the Illinois Human Rights Act, which have no cap on compensatory damages, but the Title VII amount, which is subsumed with the $600,000 award, is capped at $50,000. Under those circumstances, no award of punitive damages is necessary under Title VII. This does not affect the total requested award given the operation of the cap. (2.D.) On prejudgment interest for backpay, prejudgment interest is appropriate here to make the

Plaintiff whole for the loss of backpay. The award of $1,427 in prejudgment interest is approved. (2.E.) The total judgment award, before attorney's fees and costs, is $622,201. The Plaintiff may file the motion for attorney's fees and costs under Local Rule 54.3 (given the default, there is no need for conferral). The status hearing of 10/03/2025 is vacated. A separate AO–450 judgment shall be entered. Civil case terminated. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.